UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GEORGE McCRAY,

                Plaintiff,               COMPLAINT
                                                        11 CV 3527 (GBD)(KNF)
        - against -

THE CITY OF NEW YORK, KENNETH
ROSELLO and GREGG LICARI, employees
of the New York City Department of Police,

                Defendants.           **Jury Trial Demanded**

-----------------------------------------------------------------x

       George McCray, by his attorney, Matthew Flamm, alleges the following as his Complaint:

Nature of the Action

       1.    This civil rights action arises from unnecessary and abusive use of force on and arrest of George McCray by the defendant Police Officers on December 18, 2010 while plaintiff, a commercial truck driver, was waiting in traffic at the intersection of Sullivan and Prince Streets in Manhattan.  Mr. McCray seeks declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

Jurisdiction and Venue

       2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

       3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York as defendant City of New York resides in that judicial District.

Notice of Claim

4. On or about April 18, 2011, and within ninety days after claims arose, plaintiff caused a Notice of Claim to be served upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5. The Notice of Claim was in writing and was sworn to by the plaintiff.

6. The Notice of Claim contained the name and post office address of the plaintiff, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7. Plaintiff's claim was assigned Claim Number 2011PI018386 by the Comptroller's Office.

8. More than thirty days have elapsed since presentment of the claims and Defendant City of New York has failed to adjust the claims within the statutory time period.

9. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Parties

10. Plaintiff George McCray is a citizen of the United States of America who at all times relevant lived in the State and City of New York, County of Kings. He has worked for Midtown Express as a truck driver for about seven years.

11. Defendant City of New York is a municipal corporation duly incorporated and existing under the laws of New York State.  Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the defendants more fully identified in paragraphs 11 and 12 below.

12. Defendants Kenneth Rosello, Shield 30600, and Gregg Licari, Shield 10642, were at all times relevant duly appointed and acting employees of the New York City Police Department.

13. On December 18, 2010, the individual defendants were assigned to the 1st Precinct.

14. At all times relevant, the individual defendants were acting under color of state law.

15. The individual defendants were at all times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

Facts Underlying
Plaintiff's Claims for Relief

16. On Saturday, December 18, 2010 at approximately 7:00 p.m. at and around the south side of the intersection of Prince and Sullivan Streets in New York, New York, New York City Police Officers Kenneth Rosello and Gregg Licari assaulted and arrested George McCray.

17. Despite that plaintiff done nothing unlawful, the officers arrested Mr. McCray on the false claims that he was resisting arrest, engaged in disorderly conduct and had created unreasonable noise.

18. Based on the Officers' false claims, the District Attorney prosecuted Mr. McCray under Criminal Court Docket Number 2010NY092841. Plaintiff was arraigned on December 19, 2010 and released on his own recognizance.

19. On March 29, 2011, the false charges against Mr. McCray were adjourned in contemplation of dismissal and will be dismissed and sealed.

20. Mr. McCray suffered physical and emotional trauma, including, but not limited to, the physical pain, debasement, fear and anxiety of being publicly assaulted and arrested without cause, of being unlawfully imprisoned and of

being subjected to the privations and indignities of the arrest-to-arraignment process.

21. Mr. McCray sustained injury to his left arm, left torso, both wrists and his neck.  He continues to suffer pain to the right side of his neck.  Plaintiff received medical care at Long Island College Hospital and at Brooklyn Hospital Center.

22. Because of the arrest, Mr. McCray lost approximately four days of work.

23. The individual defendants acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

24. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

25. By the actions described above, the individual defendants deprived plaintiff of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free from excessive and unreasonable force.

26. As a consequence thereof George McCray has been injured.

### SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

27. Plaintiff repeats and realleges paragraphs 1-23 as though fully stated here.

28. By the actions described above, the individual defendants deprived Derrick Steeple of rights secured by the New York State Constitution, including, but not limited to, the right to be free from excessive and unreasonable force.

29. As a consequence thereof George McCray has been injured.

### THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

30. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

31. By the actions described above, the individual defendants deprived Mr. McCray of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to a warrant.

32. As a consequence thereof George McCray has been injured.

### FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

33. Plaintiff repeats and realleges paragraphs 1-23 as though fully stated here.

34. By the actions described above, the individual defendants deprived Derrick Steeple of rights secured by the Constitution of the State of New York, including, but not limited to Mr. Steeple's right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

35. As a consequence thereof George McCray has been injured.

### FIFTH CLAIM FOR RELIEF FOR ABUSE OF PROCESS

36. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated here.

37. The individual defendants, and each of them, maliciously used criminal process for a purpose other than bringing a suspected wrongdoer to justice, to wit, in order to harass and intimidate George McCray from asserting his rights against the individual defendants and in order to cover up their own wrongdoing and avoid civil and criminal liability for their acts.

38. As a consequence thereof, plaintiff has been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

40. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful use of force and arrest of Mr. McCray, despite having a reasonable opportunity to do so.

41. As a consequence thereof George McCray has been injured.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

42. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

43. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police personnel, including instructing, supervising, monitoring and controlling the individual defendants herein.

44. The defendant City of New York's failure properly to assign, train, supervise, monitor or control its Police Officers, including the Officers

involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests and uses of force, and allowed the defendants to believe that they could with impunity abuse, assault and arrest Mr. McCray.

45. By reason of the foregoing, the defendant City of New York through its agents, servants, and employees, failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement provider would have used under similar circumstances.

46. As a consequence thereof George McCray has been injured.

## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
  1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
  2. A declaration that plaintiff's right to be free from unreasonable seizures under the New York State Constitution was violated;
  3. A declaration that plaintiff's right to be free from unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
  4. A declaration that plaintiff's right to be free from unreasonable and excessive force under the New York State Constitution was violated;
(B) Compensatory damages in an amount to be fixed at trial;
(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;
(D) An award to plaintiff of the costs and disbursements herein;

      (E)      An award of attorney's fees under 42 U.S.C. §1988; and

      (F)      Such other and further relief as this Court may deem just and proper.

Dated: May 23, 2011
      Brooklyn, New York

                                      /s/ Matthew Flamm
                                      Matthew Flamm
                                      Attorney for Plaintiff
                                      26 Court Street, Suite 600
                                      Brooklyn, New York 11242
                                      (718) 797-3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GEORGE McCRAY,

                         Plaintiff,                11 CV 3527 (GBD)(KNF)

      - against -

THE CITY OF NEW YORK, KENNETH
ROSELLO and GREGG LICARI, employees
of the New York City Department of Police,

                         Defendants.

----------------------------------------------------------------x


# COMPLAINT

Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242  (718) 797-3117